**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cleotis Hunt,<br>Petitioner,<br>vs.<br>Dora B. Schriro; et al.,<br>Respondents. | No. CV 07-1658-PHX-JAT<br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. #1). On May 21, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition in this case be denied because it is a successive petition filed without leave of the Court of Appeals. *See* R&R at 4-6. Alternatively, the R&R concludes that even if the Petition were not successive, it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District

courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Petitioner has not filed objections to the R&R. Respondents have filed objections. (Doc. #14). Respondents' objections do not object to the ultimate conclusion of the R&R, but do object to the R&R applying equitable tolling to the AEDPA's statute of limitations. Respondents argue that the statute of limitations is jurisdictional, and therefore not subject to equitable tolling. *Id.* (*citing Bowles v. Russell*, __ U.S. __, 127 S.Ct. 2360 (2007)). Accordingly, the Court will review the portion of the R&R to which Respondents have objected de novo.

This Court recently considered this same argument in *Lopez v. Block*, 2008 WL 2545073 (D. Ariz. 2008), and found:

> This Court disagrees with the [argument] that equitable tolling is therefore not available. Prior to *Bowles*, the Supreme Court assumed, without deciding, that equitable tolling is available under 28 U.S.C. § 2244(d). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). Further, the Ninth Circuit has continued to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles*. *Harris v. Carter*, 515 F.3d 1051[, 1054 n. 4] (9th Cir. 2008); *accord Coker v. Quarterman*, No. 05-10020, 2008 WL 724042, at *5 n.1 (5th Cir. [] 2008) (expressly holding that equitable tolling of AEDPA's statute of limitations survives *Bowles*); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (same). Accordingly, this Court will allow Petitioner the potential for equitable tolling.

*Id.* at *3.[1]

For the reasons cited in this Court's opinion in *Lopez*, particularly the Ninth Circuit Court of Appeals' continued application of equitable tolling post-*Bowles*, Respondents' objection to the Magistrate Judge considering whether Petitioner qualified for equitable tolling is overruled. The Court having now overruled the only objection to the R&R,

---

[1] *Accord Day v. McDonough*, 547 U.S. 198, 206 (2006) (considering the AEDPA's one-year limitation and finding, "A statute of limitations defense, the State acknowledges, is not 'jurisdictional'... .").

**IT IS ORDERED** that the R&R (Doc. #13) is accepted and adopted; the Objection (Doc. #14) is overruled; the Petition (Doc. #1) is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 13th day of August, 2008.

James A. Teilborg
United States District Judge